# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-00595-RM-KMT

L. TURNER,

    Plaintiff,

v.

CLEAN ENERGY COLLECTIVE, LLC,

    Defendant.

---

# ORDER
---

    This matter is before the Court on Plaintiff's unopposed "Motion to Seal Record or Protect by Restricted Access" requesting to seal this entire case file. Plaintiff's request is made pursuant to Fed. R. Civ. P. 5.2(e),[1] governing protective orders, but such an order is not at issue. Regardless, Plaintiff fails to make the requisite showing for such an order, or that any sealing or restriction of access to the file is warranted.

    First, Plaintiff filed this action on March 6, 2017, and it has been publicly accessible since that date. No motion to restrict has previously been filed by any party, as to any paper. Next, Plaintiff summarily asserts there are privacy interests at stake but fails to identify such interests or how such unidentified interests are implicated by background checks and the like. If any paper has implicated a party's privacy interest, that party should have sought relief upon the filing of such paper. Third, to the extent any privacy interest under Rule 5.2(a) is claimed, Rule 5.2(h) provides that a party "waives the protection of Rule 5.2(a) as to the person's own

---

[1] Plaintiff cites to Rule 5(e), but since the motion refers to a protective order, the Court assumes she meant Rule 5.2(e).

information by filing it without redaction and not under seal." Fourth, the Court fails to see how, under any circumstances in this case, filings such as an attorney's entry of appearance and orders granting motions for extensions or to reschedule matters, should be sealed or restricted. Fifth, to the extent restriction is sought as to any specific document, compliance with D.C.COLO.LCivR 7.2 is required but has not been met. Finally, Plaintiff fails to show how any confidentiality provision – between the parties – supports a sealing of this case. Or that sealing before this court is warranted base on the provisions governing the Equal Employment Opportunity Commission.

In summary, D.C.COLO.LCivR 7.2 specifically recognizes, with limited exception, the policy of this court that "the public shall have access to all documents filed with the court and all court proceedings." Restriction is the exception, not the rule. It is therefore

**ORDERED** that Plaintiff's Motion to Seal Record or Protect by Restricted Access (ECF No. 35) is **DENIED**; and

**FURTHER ORDERED** that pursuant to the Joint Stipulation of Dismissal with Prejudice (ECF No. 36) the Clerk of the Court shall close this case.

DATED this 15th day of August, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge